UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HERIBERTO BATIZ,<br>      *Plaintiff*,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br>      *Defendant.* | No. 3:23-cv-00583 (VAB) |

**RULING AND ORDER ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Heriberto Batiz, ("Mr. Batiz"), currently incarcerated at Brooklyn Correctional Institute in Brooklyn, Connecticut, and proceeding *pro se*, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Mot. to Vacate, Set Aside, or Correct Sent., ECF No. 1 ("Mot.").

For the following reasons, Mr. Batiz's motion is **DENIED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND[1]**

   **A.  Factual Background**

On October 22, 2002, a federal grand jury returned an indictment charging Mr. Batiz with a drug conspiracy and six counts of possession with the intent to distribute varying amounts of crack and powder cocaine.

On March 15, 2004, following his guilty plea to one count of conspiracy with intent to distribute cocaine, and subsequent conviction, Mr. Batiz received a term of imprisonment of 128 months and a supervised release term of five years. Judgment, ECF No. 79.

On May 24, 2005, the Court entered an order correcting Mr. Batiz's sentence to 120

---

[1] For the factual and procedural background of this case, the Court has relied on the related criminal matter, *United States v. Candelario, et al.*, No. 3:02-cr-00300-VAB-2.

1

months' imprisonment and five years of supervised release. Order granting Mot. to Correct Sent., ECF No. 84.

On June 24, 2011, Mr. Batiz began his term of supervised release. *See* Violation Report, ECF No. 121 ("Report") at 1.

On April 23, 2014, Mr. Batiz was arrested and charged with thirteen counts of sexual assault in the first degree, sexual assault in the fourth degree, risk of injury to children by sexual contact, threatening in the second degree, and unlawful restraint. *Id*.

On October 20, 2016, Mr. Batiz was convicted on two counts of illegal sexual contact with a minor victim, in violation of Conn. Gen. Stat. § 53-21(a)(2), and he was sentenced in Connecticut Superior Court to 7 years of jail and 5 years of special parole on each count, to be served consecutively. *Id*. at 2.

On November 29, 2020, the United States Probation Office filed a recommendation to revoke Mr. Batiz's supervised release and sentence him to ten months imprisonment. Recommendation, ECF No. 136.

On December 3, 2020, this Court held a revocation hearing where Mr. Batiz admitted to violating condition number one of his supervised release, that he must not commit another federal, state, or local crime, and this Court sentenced him to 10 months' imprisonment followed by five years of supervised release, to be served consecutive to his state sentence. Minute Entry, ECF No. 128.

On December 5, 2020, the Court issued its order revoking supervised release and imposed special conditions of supervision including that Mr. Batiz "must not incur new credit card charges over $500 and must not open any new lines of credit or be added as an authorized user of any one else's line of credit" and that he "must provide the U.S. Probation Office with

access to any requested financial records, including but not limited to, telephone/cellular phone bills, and credit card statements." Order Revoking Supervised Release, ECF No. 139.

On December 9, 2020, Mr. Batiz filed a notice of appeal regarding the order revoking his supervised release. Notice, ECF No. 141.

On May 9, 2022, the United States Court of Appeals for the Second Circuit issued a summary order affirming the judgment imposing a ten-month term of imprisonment to be served consecutively with Mr. Batiz's state sentence. The Second Circuit remanded the special conditions relating to Mr. Batiz's finances for further proceedings. Mandate of the United States Court of Appeals, *U.S. v. Batiz*, 20-cr-4113, ECF No. 147.

On June 16, 2022, this Court entered an order directing both parties to file a supplemental memorandum regarding their position on the imposition of the two special conditions of supervised release involving Mr. Batiz's personal finances, consistent with the Second Circuit's Mandate. Order, ECF No. 148. Neither party filed anything.

### B. Procedural History

On June 23, 2022, Mr. Batiz filed a motion to correct an allegedly illegal sentence in his parallel criminal proceeding. *U.S. v. Candelario*, No. 3:02-cr-00300-VAB-2, ECF No. 149.

On July 15, 2022, the Government submitted its opposition to the motion to correct the allegedly illegal sentence, which included opposition to a § 2255 motion. *U.S. v. Candelario*, No. 3:02-cr-00300-VAB-2, ECF No. 152 ("Opp'n").

On February 21, 2023, Mr. Batiz filed a motion to proceed pro se. *U.S. v. Candelario*, No. 3:02-cr-00300-VAB-2, ECF No. 164.

On March 17, 2023, Mr. Batiz filed a motion requesting a status update on his motion to correct illegal sentence. *U.S. v. Candelario*, No. 3:02-cr-00300-VAB-2, ECF No. 165.

On April 28, 2023, Mr. Batiz brought this parallel proceeding and moved to vacate, set aside, or correct his sentence. Mot; Mem. in Support of Mot. to Vacate, Set Aside or Correct Sent., ECF No. 2 ("Mem.").

On June 13, 2023, Mr. Batiz filed a brief seeking to file a mandamus action to vacate his conviction and sentence. Brief in Support of Mandamus Action, ECF No. 6.

On July 19, 2023, Mr. Batiz filed a motion for default judgment against the Government for failing to respond to his motion to vacate, set aside, or correct his sentence. Mot. for Default J., ECF No. 7.

On September 29, 2023, Mr. Batiz filed a motion to compel the Government to file a position on his motion to vacate, set aside, or correct sentence. Mot. to Compel, ECF No. 8.

## II.   STANDARD OF REVIEW

A federal prisoner challenging a criminal sentence may do so under 28 U.S.C. § 2255 "where the sentence (1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack." *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004). "In § 2255 proceedings, petitioners bear the burden of proving, by a preponderance of the evidence, that they are entitled to relief." *Blackmon v. United States*, No. 3:16-cv-1080 (VAB), 2019 WL 3767511, at *4 (D. Conn. Aug. 9, 2019) (citing *Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000)).

Review on a § 2255 motion should be "narrowly limited." *Id.* (citing *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996)). "A federal prisoner may not use a section 2255 petition to relitigate questions that were expressly or impliedly resolved during a direct appeal, unless there is an intervening change of controlling law, the availability of new evidence, or the need to

correct a clear error or prevent manifest injustice." *Patterson v. United States*, No. 2:16-cv-1052 (SRU), 2020 WL 3510810, at *1 (D. Conn. June 29, 2020) (citing *United States v. Becker*, 502 F.3d 122, 127 (2d Cir. 2013)) (internal quotation marks omitted).

Section 2255 provides that a district court should grant a hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, "[i]t is within the district court's discretion to determine whether a hearing is warranted." *Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003). In making this decision, district courts may "exercise their common sense," *Machibroda v. United States*, 368 U.S. 487, 495 (1962), and dismiss a § 2255 petition "without a hearing if, after a review of the record, the court determines that the allegations are insufficient as a matter of law." *Gonzalez-Gonzalez v. United States*, No. 3:14-cv-672 (AWT), 2017 WL 1364580, at *2 (D. Conn. Apr. 13, 2017); *see also United States v. Aiello,* 900 F.2d 528, 534 (2d Cir. 1990) ("Where a petition omits 'meritorious allegations' that can be established by 'competent evidence,' 'it would go too far to say that it was error for the district court to have failed to conduct a full evidentiary hearing.'" (quoting *United States v. Aiello*, 814 F.2d 109, 113 (2d Cir. 1987))).

Finally, where the petitioner is a *pro se*, courts must liberally construe the petitioner's filings to raise the "strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original); *see also Sykes v. Bank of Am.,* 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman,* 470 F.3d at 474).

### III. DISCUSSION

#### A. The Timeliness of the Section 2255 Motion

Section 2255 provides in relevant part: "A 1-year period of limitation shall apply to a

motion under this section. The limitation period shall run from . . . the date on which the judgment of conviction becomes final . . . ." § 2555(f)(1). "For a defendant who unsuccessfully challenges his sentence on direct appeal, 'a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.'" *Sanchez v. U.S.*, No. 04-CR-36 (VEC), 2021 WL 603224, at *2 (S.D.N.Y. Feb. 16, 2021) (quoting *Clay v. U.S.*, 537 U.S. 522, 525 (2003)).

The Government argues that Mr. Batiz filed the instant motion more than one year from the date when the judgment of conviction became final. Opp'n at 10.

Because Mr. Batiz's motion fails on the merits, regardless of whether he timely filed it, the Court will not address this motion's timeliness.

B.  **The Merits of the Section 2255 Motion**

Federal courts have original and exclusive jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231.

But Mr. Batiz argues that the Court did not have subject matter jurisdiction over his case because the New Haven Police Department manipulated the probable cause process during his arrest. Mem. at 2. He further argues that he did not consent to subject matter jurisdiction, and without it, the Court's sentence was illegal. *Id*. at 2–3.

In response, the Government argues that any § 2255 motion brought by Mr. Batiz on this ground would be meritless, as the Court undoubtedly has jurisdiction over violations of federal criminal statutes. Opp'n at 11.

The Court agrees.

As a preliminary matter, "parties by consent cannot confer on federal courts subject-matter jurisdiction beyond the limits imposed by Article III, § 2." *Commodity Futures Trading*

*Com'n v. Schor*, 478 U.S. 833, 851 (1986) (citing *U.S. v. Griffin*, 303 U.S. 226, 229 (1938)). As a result, Mr. Batiz's alleged consent, either way, would have not affected the Court's analysis as to the threshold issue of jurisdiction.

As to Mr. Batiz's substantive argument—that the police submitted false documents to manipulate the probable cause process—this is not a jurisdictional issue. Indeed, "defects in an indictment do not deprive a court of its power to adjudicate a case." *U.S. v. Rubin*, 743 F.3d 31, 36 (2014) (quoting *U.S. v. Cotton*, 535 U.S. 625, 630 (2002)). And "after a judgment of conviction has been entered upon the defendant's plea of guilty, the defendant may not raise nonjurisdictional challenges either on direct appeal, or by collateral attack under § 2255." *Hayle v. U.S.*, 815 F.2d 879, 881 (2d Cir. 1987) (citations omitted).

Instead, "to sustain a challenge to the district court's jurisdiction," *id.*, the "face of the indictment" must "fail[ ] to charge a federal offense." *Id.* "If the indictment alleges all of the statutory elements of a federal offense and the defendant's contention is that in fact certain of those elements are lacking, the challenge goes to the merits of the prosecution, not to the jurisdiction of the court to entertain the case or to punish the defendant if all of alleged elements are proven." *Id.* at 882.

Mr. Batiz's arguments, as to an alleged factually flawed indictment, "go[ ] to the merits of the prosecution, not to the jurisdiction of the court." This is the import of the Second Circuit's decision in *Hayle*: "Hayle's contention is not that the indictment fails to allege that he stole funds of the United States, but rather that that allegation is not true because, he argues, the funds he stole had ceased to be funds of the United States." *Id.* As the Court recognized in *Hayle*, "[t]his argument, absent the plea of guilty, would have created an issue of fact for trial; but there is no jurisdictional flaw apparent from the face of the indictment." *Id.; see also Rubin*, 743 F.3d at 36–

7

39 ("confirm[ing] that challenges to indictments on the basis that the alleged conduct does not constitute an offense under the charged statute are also non-jurisdictional challenges.").

Because Mr. Batiz makes no argument that the indictment failed to charge the elements of a federal offense, his alleged jurisdictional argument too must fail. *See id.* (concluding that the defendant's challenges "would have been a factual issue raised at trial" and did "not go to the court's jurisdiction to try the case").

Accordingly, Mr. Batiz's motion will be denied.

## IV.  CONCLUSION

For the reasons explained above, Mr. Batiz's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is **DENIED** without a hearing.[2]

The Clerk of Court is respectfully directed to enter judgment and close this case.

Any appeal from this order would not be taken in good faith. Thus, a certificate of appealability will not issue.

**SO ORDERED** at New Haven, Connecticut, this 6th day of October, 2023.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[2] Mr. Batiz's claims "are insufficient as a matter of law[,]" *Gonzalez-Gonzalez v. United States*, No. 3:14-cv-672 (AWT), 2017 WL 1364580, at *2 (D. Conn. Apr. 13, 2017), and therefore the Court will dismiss his petition without holding a hearing. *See Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003) ("It is within the district court's discretion to determine whether a hearing is warranted[]" when addressing a § 2255 petition.).